STATE of Maine

v.

Kirt K. CONSTANTINE.

Supreme Judicial Court of Maine.

Argued Jan. 30, 1991.
Decided March 15, 1991.

---

Charles K. Leadbetter (orally), Asst. Atty. Gen., Augusta, for the State.

David M. Sanders (orally), Livermore Falls, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Kirt K. Constantine appeals his sentence in the Superior Court (Kennebec County, *Brody, C.J.*) following his plea of guilty to vehicular manslaughter (Class B) in violation of 17–A M.R.S.A. § 203 (Supp.1989). The court imposed the maximum sentence, imprisonment for a term of ten years.[1] Constantine argues that the court failed to weigh properly the statutory sentencing factors in 17–A M.R.S.A. § 1151 (1983 & Supp.1990), and that the sentence is unfairly disparate from sentences imposed on others convicted of the same crime. We disagree, and affirm the sentence.

On November 25, 1989, Constantine was drinking at a dance at the Lions Club in Readfield with other members of his family. Shortly after midnight, he took his parents' car without their permission (and in violation of an agreement he had signed with his parents' insurance company that he would never operate their vehicle), and drove it for about one mile on the wrong side of Route 17 with no headlights on. He struck a car operated by David A. Keene, who died on impact. An hour and a half later, Constantine's blood-alcohol level was measured at 0.25%.

The pre-sentence investigation and other material before the court at sentencing demonstrated that Constantine, who was 22 years old at the time of sentencing, had previously been convicted of two separate juvenile offenses and at least twelve separate adult offenses. At the time of sentencing he was also under indictment on charges of burglary, theft, and unauthorized use of property. He had violated conditions of probation for at least three of his prior convictions; twice, he had left Maine without notifying his probation officer. He was subject to an outstanding fugitive from justice warrant from Florida, relating to charges of aggravated assault and aggravated battery there on which he had jumped bail. He had 21 points on his motor vehicle record, and his driver's license had been under suspension since September 9, 1989, for refusing to submit to a blood-alcohol test. He had abused drugs and alcohol since about the sixth grade. He had a tenth-grade education and no job skills, and had never held a job for more than a couple of months. He was married once, but the marriage failed due to his drug and alcohol abuse; Constantine no longer sees nor supports his three-year-old son by that marriage.

The victim, David Keene, was an 18–year-old Readfield resident who was a freshman at the University of Maine. His father, a volunteer firefighter, responded to the scene of the collision and saw the body; he has suffered significant emotional trauma. Likewise, the victim's mother and younger brother have also been strongly affected. The incident caused a great deal of outrage and indignation in the area. In letters to his mother, the victim's family, and the Superior Court justice, Constantine expressed remorse for causing David Keene's death.

Constantine pleaded guilty to charges of vehicular manslaughter, operating under the influence of alcohol, operating after suspension, unauthorized use of property, and violation of terms of probation, and to a charge of operating under the influence arising from another, unrelated incident. He appeals only the ten-year maximum sentence imposed for the vehicular manslaughter count.

I

■ The propriety of a criminal sentence has "regard to the nature of the offense, the character of the offender and the pro-

---

1. 17–A M.R.S.A. § 203 has subsequently been amended to make vehicular manslaughter a Class A crime, with exceptions not relevant here. P.L.1989, ch. 505; P.L.1989, ch. 872. That amendment does not affect this appeal.

tection of the public interest." 15 M.R.S.A. § 2155 (Supp.1990). On appeal, we review a sentence impropriety claim for misapplication of principle. *State v. Hallowell*, 577 A.2d 778, 781 (Me.1990).[2] Constantine contends the sentencing court misapplied the statutory sentencing principles in 17–A M.R.S.A. § 1151 (1983 & Supp.1990) by giving too little weight to Constantine's remorse, and the possibility of his rehabilitation, and too much weight to the goal of deterrence.

■ The sentencing court discussed the factors that affected the sentencing decision: the impact on Constantine and the people concerned about him, the impact on the victim and the victim's family, the general deterrent effect of the sentence, punishment or retribution, Constantine's record, and the prospects for Constantine's rehabilitation. Constantine does not dispute that the factors considered by the court are, in general, the ones that a sentencing court should take into consideration. *See State v. Samson*, 388 A.2d 60, 67–68 (Me.1978).

Constantine asserts, however, that the court overemphasized general deterrence to the exclusion of other factors. The record does not support this contention. The court's discussion of deterrence occupies only a total of two of the six transcript pages containing the discussion of sentencing factors, and reflects a deliberate balancing of deterrence against other considerations. The sentencing court was justified in applying the principle of deterrence vigorously, given the circumstances of Constantine's offense.

Constantine also asserts that "the utter and complete remorsefulness of Kirt Constantine was not taken into consideration."

He contends that the court did not merely underemphasize, but actually refused to consider, the factors of remorse and receptivity to rehabilitation. Again, the record fails to support this argument. While the court's assessment of the significance of Constantine's remorse and the prospects for his rehabilitation may have differed from Constantine's own, clearly the court considered those factors. We may agree with Constantine in the abstract that the principle of rehabilitation is of great importance, but, on the record before it, the court had no basis to consider Constantine's prospects for rehabilitation at all promising. The court did not err in principle when it considered the principle of rehabilitation and then rejected its application on the facts before it. *See Hallowell*, 577 A.2d at 781–782.

Constantine's remorse, while no doubt genuine, did not of itself outweigh the other factors under consideration. Remorse is relevant not only to rehabilitation, but also to punishment or retribution. Where remorse is present, the need for retribution is accordingly less. The sentencing court properly took this factor into account in giving punishment or retribution little weight in sentencing, in view of Constantine's remorse.

The sentencing court committed no misapplication of principle in weighing the sentencing factors, in view of the serious nature of Constantine's offense, Constantine's character as demonstrated by his record and his prior probation violations, and the protection of the public interest through deterrence of drunken driving that risks inflicting death. With regard to the serious nature of the offense, we note particularly Constantine's blood alcohol level

---

2. The sentence review statute states, in pertinent part:

§ 2154. Purposes of sentence review by Supreme Judicial Court

The general objectives of sentence review by the Supreme Judicial Court are:
1. **Sentence correction.** To correct a sentence which is excessive in length, having regard to the nature of the offense, the character of the offender and the protection of the public interest;
2. **Promote respect for law.** To promote respect for law by correcting abuses of sentencing power and by increasing the fairness of the sentencing process;
3. **Rehabilitation.** To facilitate the possible rehabilitation of an offender by reducing manifest and unwarranted inequalities among the sentences of comparable offenders; and
4. **Sentencing criteria.** To promote the development and application of criteria for sentencing which are both rational and just.
15 M.R.S.A. § 2154 (Supp.1990).

and the extreme and wanton recklessness involved in his manner of operation of a potentially dangerous instrumentality.

## II

Constantine argues on appeal that his sentence is unfair and unjust because he is the only person convicted of vehicular manslaughter who is currently serving the maximum sentence. He asserts that his ten-year sentence is unduly disparate from the average term of imprisonment of four years for this crime, and from the longest other terms, eight years, currently being served for this crime.[3] The information Constantine has provided on appeal, however, demonstrates that ten of the 24 prisoners now incarcerated at the Maine State Prison for the same offense received the same ten-year sentence. Unlike Constantine, the others received varying terms of probation, occasioned by mitigating circumstances such as the possibility of rehabilitation.

■ We therefore reject Constantine's premise that he is the only person currently serving the statutory maximum sentence for vehicular manslaughter. Contrary to his assertion, a sentence is not equivalent to the term of incarceration imposed by the court. Instead, the sentencing court first imposes a sentence appropriate to the severity of the offense, and then considers the possible existence of mitigating factors that favor a suspended sentence or probation, including the likelihood of successful rehabilitation. *See State v. Hallowell*, 577 A.2d at 781–82. The severity of the offense to which Constantine pleaded guilty justified the ten-year sentence imposed by the court.

■ "The degree of mitigation called for by the circumstances of the offender is, in the first instance, a matter for the sentencing judge." *Hallowell*, 577 A.2d at 781. The sentencing court explicitly considered Constantine's prospects for rehabilitation. Noting that "probation in the past has not been successful as far as Mr. Constantine is concerned," the court stated that it had considered and rejected "suspending a short portion of that sentence and putting you on probation for the remaining portion of that sentence to give you some help and assistance in readjusting your life following your incarceration." The sentencing court had ample information before it to support that rejection. Constantine's prior behavior while on probation had exhibited a thorough lack of receptivity to rehabilitation, and in fact he had committed the offense for which he was sentenced while on probation. His history of violating terms of probation and bail included three separate incidents of fleeing the jurisdiction. Various attempts at psychological and substance-abuse counseling occasioned by his contacts with the criminal justice system had utterly failed. The sentencing court did not misapply sentencing principles by imposing a sentence that took Constantine's probation history into account.

Constantine also contends that his sentence is greater not only in degree, but in kind, from those of others convicted of the same offense. Even if others had not also received the maximum sentence, the argument would be unavailing. Unlike a life sentence, the maximum sentence here is not different in kind from all possible lesser sentences. *See State v. Shortsleeves*, 580 A.2d 145, 149 (Me.1990) (quoting *State v. Anderson and Sabatino*, Nos. 78–37, 78–40 (Me.App.Div. June 30, 1980)).

The entry is:

Sentence affirmed.

All concurring.

---

3. We note that Constantine provided to the sentencing court none of the comparative sentencing information that he now advances on appeal. Enhanced appellate review of sentencing is not a substitute for diligent advocacy at the sentencing hearing. *See State v. Hallowell*, 577 A.2d 778, 781 (Me.1990); *State v. Rosa*, 575 A.2d 727, 730 (Me.1990).