STATE of Maine

v.

James BENNETT.

Supreme Judicial Court of Maine.

Argued May 2, 1991.

Decided May 31, 1991.

Stephanie Anderson, Dist. Atty., Diane Powers (orally), Asst. Dist. Atty., Portland, for the State.

Robert A. Levine (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, GLASSMAN and COLLINS, JJ.

WATHEN, Justice.

Defendant James Bennett appeals the sentences imposed by the Superior Court (Cumberland County, *Cole, J.*) for three counts of theft, Class C, 17–A M.R.S.A. § 353 (1983). Defendant argues on appeal that the court failed to promote certain statutory goals in imposing the sentences and that the sentences are excessive in length. Finding no error, we affirm.

Defendant was charged with three counts of Class C theft for shoplifting a shirt, four wallets, and a walkman radio. Because the value of the stolen property in each case was less than $500, the three counts would ordinarily be Class E offenses. Defendant, however, was charged with Class C theft because of his two prior convictions of Class C burglary in 1985. *See* 17–A M.R.S.A. § 362(3–A) (Supp.1990).[1] The Superior Court accepted defendant's open plea of guilty to all three counts and requested a presentence investigation which revealed a lengthy criminal record including convictions for theft, burglary, escape, breaking and entering, larceny, willful concealment, taking an automobile without the owner's consent, forgery, and disorderly conduct. Defendant also has a long history of substance abuse. Testimony at the sentencing hearing revealed that defendant was last arrested for theft while on bail for the first two counts of theft and shortly after abandoning an alcohol treatment program in which he had participated for only four days. Based on this evidence, the Superior Court sentenced him to five years for each conviction, to be served concurrently, without any probation. Defendant filed an application with the Sentence Review Panel seeking leave to appeal his sentences, and his request was granted.

█ In enacting the general sentencing provisions, the Legislature enunciated a

---

1. The statute provides in pertinent part: "Theft, or any attempt at theft, is a Class C crime if the actor has 2 prior Maine convictions for any combination of theft, [aggravated forgery, forgery, or negotiating a worthless instrument] or

[burglary] in which the crime intended to be committed inside the structure is theft, [robbery] or attempts thereat." 17–A M.R.S.A. § 362(3–A).

number of competing considerations that are to be balanced in arriving at a sentencing decision. *See* 17–A M.R.S.A. § 1151 comment (1983 & Supp.1990). Defendant takes nothing from his argument that the Superior Court failed to advance the goals of rehabilitation and individualization in imposing the maximum five-year sentences. In reviewing a criminal sentence, we consider "[t]he propriety of the sentence, having regard to the nature of the offense, the character of the offender and the protection of the public interest." 15 M.R.S.A. § 2155(1) (Supp.1990); *see also State v. Constantine,* 588 A.2d 294 (Me.1991); *State v. Hallowell,* 577 A.2d 778, 780 (Me. 1990). We may also consider "the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based." 15 M.R.S.A. § 2155(2). We have described this standard of review "as an examination of sentences for misapplication of principle," and stated, "It is not enough that the members of this court might have passed a different sentence[;] rather it is only when a sentence appears to err in principle that we will alter it." *State v. Hallowell,* 577 A.2d at 781. Defendant contests the length and propriety of his sentences, not the manner in which they were imposed or the sufficiency and accuracy of the information on which they were based.

■ The maximum sentence in a given case should be determined by a consideration of the particular nature and seriousness of the offense. *Id.* In *Hallowell,* the defendant, while in a drunken condition, had displayed a loaded firearm in a threatening manner without provocation and breached the security of the victim's home. Accordingly, we ranked his offenses high on a scale reflecting degrees of seriousness and upheld a sentence in the upper quadrant of the sentencing range provided for Class C offenses. *Id.* Likewise, in *Constantine,* we upheld a maximum sentence for a vehicular manslaughter because of the defendant's elevated blood alcohol level and his wantonly reckless operation of an automobile. *State v. Constantine,* 588 A.2d at 296–97. In the present case, defendant committed three unadorned acts of

thievery. Ordinarily, his conduct would constitute a minor offense, punishable by a sentence of six months or less. *See* 17–A M.R.S.A. § 1252(2)(E) (1983). He had, however, achieved the status of a repeat offender, a factor which the Legislature has determined alters the nature of his offenses. *See* 17–A M.R.S.A. § 362(3–A).

Maine has long recognized the increased seriousness of a crime committed by a habitual offender. In 1821, the Legislature enacted a law providing that a person who had been convicted more than once of larceny would "be punished as a common and notorious thief, by solitary imprisonment for a term not exceeding one year, and by confinement afterwards to hard labour for a term not less than three years and not exceeding fifteen years." R.S. ch. 7, § 3 (1821). A first-time offender could be punished only "by solitary imprisonment for a term not exceeding one year, and by confinement afterwards to hard labour for a term not exceeding three years." *Id.* § 2. An even less severe punishment was provided for the first-time offender when the value of the articles stolen did not exceed $100. *Id.* No such mitigation was provided for repeat offenders.

A second statute, enacted in 1824, provided that whenever any person convicted of a crime, the punishment of which was imprisonment in the state prison, was found to have been previously

> sentenced to a like punishment, by any Court of this or any other of the United States, or any Court of the United States, whether such convict shall have been pardoned or not, he shall and may at the discretion of the Court, before whom he shall be thus convicted, in lieu of the punishment by law prescribed, be punished by confinement to hard labor in the state prison, for a limited term *or for life.*

R.S. ch. 282, § 18 (1824) (emphasis added). Both of these statutes remained on the books, essentially unchanged, until they were repealed with the adoption of the Maine Criminal Code in 1975. *See* P.L. 1975, ch. 499, §§ 2 & 11. In 1985, the Legislature enacted 17–A M.R.S.A.

§ 362(3–A), the enhancement provision under which defendant's shoplifting offenses were elevated to Class C crimes. Although prior convictions ordinarily relate to the character of the offender under our sentencing scheme, section 326(3–A) essentially makes the persistent nature of defendant's conduct an element of the offense. In determining the relative seriousness of defendant's current conduct, the court is obligated to consider its persistent nature.

In imposing the maximum sentence for each offense, the Superior Court appropriately relied on evidence establishing defendant's status as a repeat offender. Despite the non-violent nature of the crimes and the minimal value of the objects stolen, the court acted in accordance with the law in considering defendant's recidivism when determining the seriousness of the particular offenses. Finding no misapplication of principle, we affirm.

The entry is:

Judgments affirmed.

All concurring.