**STATE of Maine**

v.

**Dan K. SMITH.**

Supreme Judicial Court of Maine.

Argued June 6, 1991.
Decided Dec. 27, 1991.

---

Janet Mills (orally), Dist. Atty., Auburn, for the State.

Robert S. Raymond (orally), Great Island Brunswick, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

GLASSMAN, Justice.

Dan K. Smith appeals from the concurrent sentences imposed by the Superior Court (Androscoggin County, *Fritzsche, J.*) following the judgments of conviction entered on his pleas of guilty to one Class A robbery, in violation of 17–A M.R.S.A. § 651(1)(E) (1983), and five Class B robberies, in violation of 17–A M.R.S.A. § 651(1)(B) (1983). The court imposed a sentence of 35 years on the Class A robbery with all suspended but 18 years and with six years of probation and a sentence of ten years on each of the Class B offenses, concurrent with each other and concurrent with the sentence imposed on the Class A robbery. Smith contends that the court misapplied sentencing principles. He argues that by suspending only 17 years of the 35–year sentence imposed on the Class A offense the court failed to appropriately incorporate rehabilitation concerns into the sentencing process. We affirm the sentences.

■ The principles on which the sentencing process is based, set forth in 17–A M.R.S.A. § 1151 (1983 & Supp.1990), include the prevention of crime through the rehabilitation of convicted persons. The facilitation of rehabilitation of offenders is also one of the four general objectives of our review of a sentence. *See* 15 M.R.S.A. § 2154(3) (Supp.1990). The possibility of rehabilitation effecting the prevention of further criminal activity by an offender is a circumstance of the offender considered by the sentencing court in determining whether to suspend a portion of the basic sentence and provide a probationary period designed to facilitate such rehabilitation. The degree of mitigation called for by any circumstance of the offender lies within the discretion of the sentencing court. *State v. Hallowell*, 577 A.2d 778, 781 (Me.1990). We accord great deference to this discretionary determination. *State v. Weir*, 600 A.2d 1105 (Me.1991).

At sentencing the court had the following information: Based on a negotiated plea that the total of the sentences imposed would be 35 years, with actual incarceration not to exceed 20 years and a probationary period not to exceed six years, Smith had entered a plea of guilty to the six counts of robbery. All the charged offenses had occurred within a period of approximately two months and involved banks and credit unions in Lewiston, Auburn and Windham. One of the robberies had been committed with the use of a firearm, although no physical injuries had been threatened or inflicted by that weapon or by any other means. Smith, aged 31 years at the time of the commission of the offenses, was 32 years of age at the time of sentencing. As a juvenile, Smith was committed to the Boys' Training Center following an adjudication of breaking and entering. His adult record extended back to 1979 and included one failed probation and

prior convictions on two counts of Class A robbery for which he had received concurrent sentences of six years in 1982. He had been released on bail on pending charges of theft and forgery of checks at the time of the commitment of the instant offenses. He had recently unsuccessfully attempted drug rehabilitation to treat his twenty-year history of drug abuse, which directly contributed to his criminal activities. He had been unable to maintain steady employment since 1978. He had the benefit of complete support of his family and had expressed a willingness to submit to treatment and put forth a greater effort to overcome his abuse of drugs.

 Contrary to Smith's contention, the court specifically addressed rehabilitation and considered the following factors: Smith's previous criminal record, his previously failed probationary period, the role of substance abuse in Smith's criminal conduct, his unsuccessful attempt to control his drug problem, and the fact that the instant series of robberies occurred while Smith was on bail pending the resolution of other criminal charges. The court also considered Smith's age, that no one had been injured in the course of the robberies, the support given him by his family, and his expressed desire to try harder to overcome the abuse of drugs. Smith does not dispute that these were proper factors for the court's consideration in the context of Smith's possible rehabilitation. The court did not abuse its discretion in its consideration of these factors, nor did it misapply sentencing principles in the process of determining the unsuspended portion of the sentence imposed on Smith. *See State v. Constantine,* 588 A.2d 294, 296–97 (Me. 1991); *State v. Weir,* 600 A.2d 1105 (Me. 1991).

The entry is:

Judgments affirmed.

All concurring.