STATE of Maine

v.

**Donald LEWIS.**

Supreme Judicial Court of Maine.

Argued March 4, 1991.
Decided April 19, 1991.

Stephanie Anderson, Dist. Atty., Diane Powers, Laurence Gardner (orally), Asst. Dist. Attys., Portland, for plaintiff.

Michael T. Phelan (orally), Sebago Lake, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

ROBERTS, Justice.

Donald Lewis appeals from a judgment of the Superior Court (Cumberland County, *Brodrick, J.*), challenging only his sentence for arson, Class A, as excessive under the specific facts of his crime. We conclude that the court erroneously relied on the expanded range of maximum sentences for Class A offenders, 17–A M.R.S.A. § 1252(2)(A) (Supp.1990). Accordingly, we vacate the sentence and determine a new sentence in accordance with the principles set forth in the Criminal Code, 17–A M.R.S.A. § 1151 (1983 & Supp.1990).

On March 21, 1990 Lewis pleaded guilty in the Superior Court to arson in violation of 17–A M.R.S.A. § 802 (1983 & Supp. 1990). The arson consisted of the burning of a 1979 Dodge Aspen belonging to an acquaintance of Lewis. It occurred at Kel-

logg and Congress Streets in Portland, at 10:30 p.m. on a November evening. No injuries were reported. A presentence report disclosed that Lewis has an extensive history of felony convictions, including assault and aggravated assault as well as property crimes. Lewis is an alcoholic. At the sentencing hearing, the court commented on the need to protect society and Lewis's poor prospects for rehabilitation and specifically noted that the maximum sentence had been increased to 40 years. The court sentenced Lewis to twenty years of imprisonment, all but fifteen suspended, followed by six years of probation with conditions to prevent alcohol use. On Lewis's application pursuant to M.R.Crim.P. 40 the Sentence Review Panel granted leave to appeal the sentence.

■ In imposing sentence the court must first determine a basic sentence by considering the particular nature and seriousness of the offense, without regard to the circumstances of the offender. *State v. Hallowell*, 577 A.2d 778, 781 (Me.1990). Only after this first step should the court apply its discretion to determine the degree of sentence mitigation or aggravation called for by the circumstances of the offender. *Id.; State v. Constantine*, 588 A.2d 294, 297 (Me.1991). The court determining a sentence of imprisonment is guided by the purposes of 17–A M.R.S.A. § 1151 (1983 & Supp.1990) and constrained by the limits of section 1252. We undertake review of a particular sentence to promote specified statutory objectives. 15 M.R.S.A. § 2154 (Supp.1990).[1] Our review extends to two factors: the propriety of a sentence and the manner in which it was imposed. We examine each factor for misapplication of principle without deferring to the sentencing court. *Hallowell, supra,* 577 A.2d at 781; *Constantine, supra,* 588 A.2d at 295. Before us, Lewis challenges only the propriety of his twenty-year sentence, arguing that the nature of his crime did not merit such a long term of imprisonment.

In 1976, pursuant to the adoption of the Criminal Code, indeterminate sentences were eliminated and a maximum period of imprisonment was established for each class of crime. 17–A M.R.S.A. § 1252 comment (1983). The maximum term of imprisonment for serious crimes, other than murder, was set at five years for Class C, ten years for Class B, and twenty years for Class A.[2] *Id.* § 1252(2). In 1988, a bill was introduced to double the maximum sentence for Class C, Class B, and Class A crimes. This proposal was intended to address two problems. The first problem was a perceived increase in the seriousness of crimes being committed that impaired the ability of courts effectively to punish the most violent and serious felony offenders. L.D. 2312, Statement of Fact (113th Legis.1988). Some indication of the crimes to be affected can be gained from a comment on the scope of the intended sentence increases: "[t]he bill is expected to affect less than ½ of 1% of sentenced inmates." *Id.* The second problem addressed was the reduction in effective sentences resulting from automatic "good-time" credits. The bill mandated that judges consider such credits at the time of sentencing to ensure that uniform application of the policy of the original structure for the three classes of felonies would be achieved.[3] *Id.*

---

1. The general objectives of sentence review by the Supreme Judicial Court are:
   1. **Sentence correction.** To correct a sentence which is excessive in length, having regard to the nature of the offense, the character of the offender and the protection of the public interest;
   2. **Promote respect for law.** To promote respect for law by correcting abuses of the sentencing power and by increasing the fairness of the sentencing process;
   3. **Rehabilitation.** To facilitate the possible rehabilitation of an offender by reducing manifest and unwarranted inequalities among the sentences of comparable offenders; and

4. **Sentencing criteria.** To promote the development and application of criteria for sentencing which are both rational and just. 15 M.R.S.A. § 2154 (Supp.1990).

2. Arson was raised from a Class B to a Class A crime in 1979. P.L.1979, ch. 322, § 2.

3. The Criminal Law Advisory Commission opposed the bill based, in part, on the disproportion that it would create between the enhanced sentences for Class A, B and C crimes, and the unaffected sentences for Class D and E crimes. Letter from Michael E. Saucier, Chairman, Criminal Law Advisory Commission to Sen. Jo-

By report of a majority of a divided Committee on Judiciary, an amendment was proposed that doubled the limit for Class A crimes only. Com.Amend. A to L.D. 2312, No. H–720 (113th Legis.1988). The committee noted that the proposed bill would not double the sentence for every Class A offender and that a judge imposing ten years for a particular Class A crime was not expected to begin handing down twenty-year sentences for the same crime. *Id.,* Fiscal Note. The change was expected to affect the close-to-maximum sentences given for "the most heinous and violent crimes that are committed against a person." *Id.,* Statement of Fact. The mandate to consider good time credit was retained for crimes of all classes involving sentences of imprisonment. The bill, as enacted into law, increased only the maximum sentence for Class A crimes from 20 to 40 years. P.L.1987, ch. 808, *codified at* 17–A M.R.S.A. §§ 1252(2)(A), 1252–B (Supp.1990).

■ "The 'Statement of Fact' attached to [a] legislative document is a proper and compelling aid to ascertaining the legislative purpose and intent." *Franklin Property Trust v. Foresite, Inc.,* 438 A.2d 218, 223 (Me.1981). Based upon the legislative history, we conclude that the intent was to make available two discrete ranges of sentences for Class A crimes. For the majority of such crimes the sentence imposed should be the same as it would have been under the twenty-year limit. Only for the most heinous and violent crimes committed against a person should the court in its discretion consider imposing a basic sentence within the expanded range of twenty to forty years. Our review of such a sentence must be guided by our objective to promote the application of rational and just criteria for sentence determination. 15 M.R.S.A. § 2154(4) (Supp.1990).

■ Lewis's crime does not present the sort of circumstances that the expanded limit for Class A crimes was intended to address. We do not minimize the gravity of Lewis's act in potentially exposing bystanders and city workers to the danger of a burning automobile on a public street. But there is nothing in the record before us to suggest that any dwelling was at risk, or that any factor prevented persons nearby from removing themselves to a position of safety. In these circumstances, the sentence should be one that would have been appropriate under the original, twenty-year limit. Instead, the court imposed a basic sentence of twenty years—a sentence appropriate for the most serious crime not involving heinous and violent conduct against a person.

Based upon our review of the record before the court at sentencing and the principles set forth in section 1151 and considering the available good time, we conclude that a basic sentence of ten years of imprisonment is just. We find no error in the court's analysis of the mitigating and aggravating factors attending Lewis's personal circumstances. Lewis has an extensive record of felony convictions that include crimes against persons as well as property. He has been unable to control the alcohol abuse that was a factor in many of his crimes. His probation record and prospects for rehabilitation are poor. The court properly determined that Lewis must serve the major portion of his basic sentence. The duration and conditions of probation determined by the court are appropriate and should remain unchanged. Accordingly, we modify only the basic sentence of incarceration to a term of 10 years and provide that all but eight years of that term be suspended.

The entry is:

Sentence amended by substituting a sentence of 10 years in the custody of the Commissioner of the Department of Corrections with all but 8 years suspended, duration and conditions of probation unchanged.

All concurring.

seph Brannigan and Rep. Patrick Paradis, Chairmen, Joint Committee on Judiciary (March 12, 1988).