**STATE of Maine**

v.

**Joe GONZALES.**

Supreme Judicial Court of Maine.

Argued Jan. 8, 1992.
Decided Feb. 28, 1992.

---

Michael E. Carpenter, Atty. Gen., Patricia Mador (orally), Asst. Atty. Gen., Augusta, for plaintiff.

William Maselli (orally), Andover, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Defendant Joe Gonzales appeals from his convictions in the Superior Court (Androscoggin County, *Delahanty, C.J.*) entered after a jury verdict finding the defendant guilty on two counts of Aggravated Trafficking in Scheduled Drugs (Class A) in violation of 17–A.M.R.S.A. §§ 1103, 1105 (1983 & Supp.1991). Gonzales challenges the use against him of evidence obtained by an undercover police officer and statements obtained from him after his arrest. He also contends his right to cross-examine was unduly restricted and he alleges his sentence was excessive. Although we find no merit in Gonzales's appeal of his convictions, we find the fifteen year sentence imposed by the court excessive and remand for resentencing.

## I. Facts

Richard Small, a police officer and special agent with the Bureau of Intergovernmental Drug Enforcement (BIDE) acting undercover, went to an apartment in Lewiston and purchased from Gonzales for $100

two bags containing one-half gram of cocaine each. Small asked if he could come back later to buy more cocaine and Gonzales said that he could. Small returned later that evening and, after purchasing two more one-half gram bags of cocaine, placed Gonzales under arrest. Another police officer searched Gonzales and found four bags of cocaine as well as the money from the second purchase. In a back room of the apartment the officers found approximately $1622, including the money from the first sale.

After Gonzales was placed under arrest, he was interviewed by Michael Buchanan, a special agent with the U.S. Immigration and Naturalization Service (INS) who is fluent in Spanish. Buchanan read Gonzales his Miranda rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which Gonzales waived. Gonzales stated that he was born in Puerto Rico, lived in Massachusetts and came to Lewiston to sell drugs. He admitted that the cocaine found belonged to him and that he was responsible for bringing it to Lewiston. Buchanan asked Gonzales if he wanted to stop talking or if he wanted an attorney present. When Gonzales said that he did not have the funds for an attorney, Buchanan reread the portion of his *Miranda* rights stating that an attorney would be provided for him if he could not afford one. Gonzales stated that it made no difference because he was guilty. Buchanan testified that Gonzales appeared to be relaxed and to understand the questions being asked of him.

## II. Conviction Appeal

■ Gonzales first argues that the court should have suppressed the evidence obtained from the undercover operation because it involved "outrageous government conduct" and the officers did not have a reasonable suspicion of criminal activity before investigating him. Nothing in the record, however, suggests that the police conduct was outrageous. Gonzales was arrested following a routine undercover operation, and he has generated no issue regarding the officers' use of force to arrest him. Nor does Gonzales advance any current legal authority that requires the police to have a "reasonable suspicion" of criminal activity before commencing a criminal investigation. The court, therefore, did not err in denying his motion to suppress the evidence from the undercover operation.

■ We also disagree that the court should have suppressed his inculpatory statement on the ground that he did not make a knowing and intelligent waiver of his right to an attorney. Gonzales's suppression motion, in addition to being untimely, was meritless because Gonzales was read his *Miranda* rights in Spanish and simply chose to waive them. The record does not compel the suppression of Gonzales's statement, and we find no error in the court's denial.

■ Gonzales also contends that he was denied his sixth amendment right to confrontation because the identity of a confidential informer was withheld. Contrary to Gonzales's contentions, the State may refuse to disclose an informer's identity. Although M.R.Evid. 509(c) provides for exceptions to this privilege, Gonzales did not make a motion to seek the identity of the informer after learning that an informer had been used. Because Gonzales ignored the procedural mechanism for obtaining the informer's identity, there was no error in allowing the State to withhold the informer's identity, and the court correctly limited cross-examination "to the extent necessary to conceal [the informer's] identity." M.R.Evid. 509 advisers' note.

## III. Sentence Appeal

■ Several concerns lead us to vacate the 15 year sentence imposed in this case. First, the sentence was imposed at a time when the trial court did not have the guidance of our opinions in *State v. Lewis*, 590 A.2d 149 (Me.1991), and *State v. Clark*, 591 A.2d 462 (Me.1991). Although the offense was elevated from Class B to Class A by an aggravating factor of section 1105, the sentencing justice attached no significance to that factor in the circumstances of this case. 17–A M.R.S.A. § 1105(1)(E) (drug trafficking is aggravated if at the time of

the offense the trafficker is within 1,000 feet of a school). Because no school activity was involved, the nighttime sale of drugs in an apartment near a school was not treated as requiring anything more than the 4-year minimum sentence provided by the statute. The quantity of drugs involved is minimal, even accepting the State's argument based on money found in the apartment. Gonzales sold at most 17 grams of cocaine, little more than ½ ounce. We conclude that the basic sentence should not approach the upper quadrant of the lower range for Class A crimes.

■ In the trial court, both prosecution and defense counsel focused primarily on the question whether the defendant's circumstances justified a sentence below the 4-year minimum in accordance with 17-A M.R.S.A. § 1252(5-A) (Supp.1991). In its brief on appeal, however, the prosecution seeks to defend the 15-year sentence by asserting that Gonzales was a Dominican national and that his offense was more serious because the Dominicans dominate the drug trade in Lewiston. At oral argument, the prosecutor conceded that Gonzales is a United States citizen but made the same assertions about Hispanics involved in drug trafficking. No evidence was presented of any previous drug dealings by Gonzales (he had no prior criminal record) and no evidence was presented that Gonzales is part of a large drug ring. Although we recognize the seriousness of drug activity of the type this case portrays and the need for a coordinated enforcement effort to combat organized criminal enterprises, we cannot condone the State's attempt to justify the defendant's sentence on the basis that he comes from out-of-state and has a Hispanic surname. Sentencing on the basis of racial categories or nationality, as opposed to demonstrated individual involvement and culpability, is constitutionally impermissible. We do not suggest that the sentence before us was imposed on the basis of defendant's nationality, but we are forced to reject the State's effort to uphold the sentence on the basis of such a consideration.

■ Finally, this case arose out of a joint federal-state investigation conducted by BIDE. That fact does not subject state courts to federal sentencing guidelines, but we cannot ignore the defendant's argument that he would face a maximum sentence of less than two years had he been prosecuted in federal court. There is "little reason to offer any incentive for selecting one jurisdiction over the other based on sentence considerations." Wathen, *Sentencing and Statistics*, 6 Me.B.J. 290, 291 (1991). In January of this year a Cuban living in Massachusetts, not a first offender, was sentenced in United States District Court to two years in prison and three years of supervised release for sale of two ounces of cocaine (56 grams). *United States v. Sanchez-Gonzales*, No. 91-0062-B-01 (D.Me. January 12, 1992). We do not suggest that our trial courts should comply with the federal sentencing guidelines. It is appropriate, however, that sentencing decisions in Maine courts be informed by the likely sentence that would have been imposed for the same offense if prosecuted in the concurrent federal jurisdiction. Accepting the State's contention that the court must impose a minimum of 4 years, we conclude, nevertheless, that the basic sentence ought not to be almost four times the minimum.

The entry is:

Judgment of conviction affirmed.

Sentence vacated. Remanded to the Superior Court for resentencing.

All concurring.