**STATE of Maine**

v.

**Francis Adam TAPLEY.**

Supreme Judicial Court of Maine.

Argued June 3, 1992.

Decided June 15, 1992.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Bangor, for the State.

Norman S. Heitmann (orally), Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Pursuant to 15 M.R.S.A. §§ 2151–2156 (Supp.1991) and M.R.Crim.P. 40 and 40A through 40C, Francis Adam Tapley appeals from the judgment entered in the Superior Court (Penobscot County, *Beaulieu, J.*) imposing a sentence of two and one-half years with all but eleven months suspended and two years' probation, following Tapley's conviction of aggravated trafficking in a schedule Z drug in violation of 17–A M.R.S.A. § 1105 (Supp.1991).[1]

---

1. 17–A M.R.S.A. § 1103 makes it unlawful for a     person to traffick in a scheduled drug if he

Tapley does not challenge the propriety of the basic sentence. *See State v. Weir,* 600 A.2d 1105, 1106 (Me.1991) (before considering aggravating and mitigating factors, court to "first determine a basic sentence by considering the particular nature and seriousness of the offense, without regard to the circumstances of the offender." (quoting *State v. Lewis,* 590 A.2d 149, 150 (Me.1991))). Rather, for the first time on this appeal, he contends the court's findings as to the aggravating factors considered by it are without support in the sentencing record. We affirm the judgment.

In accordance with the due process requirements set forth in *State v. Dumont,* 507 A.2d 164, 166 (Me.1986), Tapley was afforded a timely examination of the pre-sentence investigation report and an opportunity to dispute any facts contained therein as a means of assuring factual reliability in the information relied on by the court in sentencing. *See also* M.R.Crim.P. 32(c)(3)(A) (providing for defendant's access to a written pre-sentence report). When given an opportunity to address the court at the sentencing proceeding, Tapley did not challenge the factual reliability of the information in the pre-sentence report. Accordingly, we review the sentencing procedure and the sentence for obvious error. *See State v. True,* 438 A.2d 460, 468–69 (Me.1981); M.R.Crim.P. 52(b).

We have previously stated that "[a] sentencing court has wide discretion in selecting sources of ... aggravating factors, provided they are factually reliable. In addition, we accord the sentencing court great deference in weighing these factors in order that it may appropriately individualize each sentence." *State v. Weir,* 600 A.2d at 1106 (citation omitted). It is within the discretion of the court to determine "the degree of aggravation indicated by specific factors demonstrating a high risk

of re-offending." *Id.* Here, there was information in the pre-sentence report that Tapley was buying and selling drugs and that he was unemployed at the time of sentencing and had been unemployed for long periods of time in the past. Based on this reliable information, it cannot be said the court abused its discretion by finding as aggravating factors that Tapley had chosen to support himself, at least in part, by dealing in drugs and that such activity demonstrated a high risk of re-offending. Nor did the court abuse its discretion in the weight given these factors in determining an appropriate individualized sentence to impose on Tapley. Accordingly, we find no error, much less obvious error, in the sentencing proceeding or in the sentence imposed by the court.

The entry is:

Judgment affirmed.

All concurring.

intentionally or knowingly trafficks in what he knows or believes to be any scheduled drug, and which is, in fact, a scheduled drug.

17-A M.R.S.A. § 1105 provides in pertinent part:

1. A person is guilty of aggravated trafficking or furnishing scheduled drugs if:

. . . .

E. A person violates section 1103, and, at the time of the offense, the person is ... within 1,000 feet of the real property comprising a private or public elementary or secondary school.