## STATE of Maine

v.

## Darlene CORBETT.

Supreme Judicial Court of Maine.

Argued Nov. 17, 1992.
Decided Dec. 29, 1992.

---

Janet T. Mills, Dist. Atty., Patricia Mador, Asst. Atty. Gen., David Fisher (orally) Asst. Dist. Atty., Auburn, for plaintiff.

Allan Lobozzo (orally), Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Darlene Corbett appeals from the sentence imposed by the Superior Court (Androscoggin County, *Alexander, J.*) on a conviction of aggravated trafficking in scheduled drugs (Class A) 17–A M.R.S.A. §§ 1103, 1105 (1983 & Supp.1991). We find that the twenty-year basic sentence imposed by the court results from an error in principle and remand for resentencing.

On March 19, 1991, on a public sidewalk, defendant approached William Jipson, an undercover police officer with the Bureau of Intergovernmental Drug Enforcement (BIDE)[1], and a police informant, and asked what they were looking for. Jipson said he wanted a $40 bag of cocaine. Defendant took $40 from Jipson and shortly returned with a baggie containing approximately ½ gram of cocaine which she gave to Jipson. On March 28, 1991, Dean Perry, an undercover police officer with BIDE, accompanied by an informant, approached defendant in an apartment and asked for a "couple of 40 packs." They drove to a nearby location in the officer's car. Defendant delivered approximately one gram of cocaine to officer Perry in exchange for $80. Both sales occurred in Lewiston within 1,000 feet of a secondary school. After a jury trial defendant was convicted on two counts of aggravated trafficking in cocaine. She was sentenced to two concurrent twenty-year terms of imprisonment with all but eight years of those sentences suspended, followed by six years of probation.

Defendant has a prior criminal record. Between June 1990 and April 1991 she was convicted of illegal possession of drug paraphernalia, unlawful possession of marijuana, prostitution, carrying a concealed weapon, and illegal possession of marijuana. All of these crimes were misdemeanors, the most serious resulting in a ten-day jail term. Defendant has not held a job for the last few years and was a cocaine addict during that time. She supported herself by prostitution, theft, and running drugs on the street. After her arrest she completed St. Mary's Hospital Chemical Dependency Program and claims to be drug free. She has two children with whom she maintains contact, and states that they are an important factor in her motivation to stay off drugs.

In 1988 the Legislature increased the maximum period of imprisonment for a Class A offense from twenty years to forty years. *See* P.L.1987, ch. 808 codified at 17–A M.R.S.A. §§ 1252(2)(A), 1252–B (Supp.1991). We determined that the Legislature intended this amendment to create

> two discrete ranges of sentences for Class A crimes. For the majority of such crimes the sentence imposed should be the same as it would have been under the twenty-year limit. Only for the most heinous and violent crimes committed against a person should the court in its discretion consider imposing a basic sentence within the expanded range of twenty to forty years.

*State v. Lewis,* 590 A.2d 149, 151 (Me.1991). Defendant's basic sentence is at the top of the range for this type of Class A offense.

■ We review the propriety of a sentence for misapplication of principle. *Id.* at 150; *State v. Hallowell,* 577 A.2d 778, 781

---

could have been prosecuted for federal offenses under 21 U.S.C.A. §§ 841(a), and 860 (1988 and Supp.1992).

(Me.1990). The basic sentence in a given case should be determined by a consideration of the particular nature and seriousness of the offense. *State v. Kehling*, 601 A.2d 620, 625 (Me.1991). In evaluating the nature and seriousness of the offense we place the criminal conduct on a continuum for each type of offense "to determine which act justifies the imposition of the most extreme punishment." *State v. St. Pierre*, 584 A.2d 618, 621 (Me.1990); *see also State v. Clark*, 591 A.2d 462, 464 (Me.1991). We do not minimize the seriousness of defendant's crimes. But in the hierarchy of drug trafficking, that includes sales by street runners, dealers, wholesalers, and international cartels, the activity of a runner, particularly one convicted of selling only a small quantity of narcotics, must be considered to be a relatively less serious offense.[2] The court misapplied principle in giving undue weight to the seriousness of the underlying offense and imposing the maximum basic sentence.

The Superior Court also failed to consider or properly weigh several other mitigating factors which we have found relevant in sentencing drug traffickers. First, the quantity of drugs sold is minimal—a total of 1½ grams. Second, the offenses were elevated from Class B to Class A solely because the defendant was within 1,000 feet of a school at the time of the offenses.

*See* 17–A M.R.S.A. § 1105(1)(E) (Supp. 1991). Both offenses occurred at nighttime and no school activity was involved. Finally, the likely sentence defendant could have received if she were prosecuted in federal court, as she could have been, is only twenty-four months.[3] We stated in a previous BIDE case that: "[i]t is appropriate ... that sentencing decisions in Maine courts be informed by the likely sentence that would have been imposed for the same offense if prosecuted in the concurrent federal jurisdiction." *State v. Gonzales*, 604 A.2d 904, 907 (Me.1992).

In addition to promoting rational and just sentencing criteria, our objectives in reviewing criminal sentences include increasing the fairness of the sentencing process and avoiding unwarranted inequalities among sentences of comparable offenders. *See* 15 M.R.S.A. § 2154 (Supp.1991).[4] In the recent case of *State v. Gonzales*, 604 A.2d 904 (Me.1992), we vacated Gonzales's fifteen-year sentence for aggravated trafficking in scheduled drugs and remanded for resentencing, concluding that Gonzales's "basic sentence should not approach the upper quadrant of the lower range for Class A crimes" under the facts of that case. *Id.* at 907. The comparison between the facts of *Gonzales* and those of this case is enlightening. In both cases the defendants were convicted on two counts

---

**2.** We note that within the category of a drug runner, defendant's conduct is relatively serious due to her admitted involvement in the drug trade for several years. Her involvement in the Lewiston drug trade is an aggravating factor properly considered only after the basic sentence is determined.

**3.** Based on an offense level of 14 and a criminal history category of II, defendant's sentencing range under the Federal Sentencing Guidelines is 18 to 24 months. Guidelines § 5A (Sentencing Table). Under the Guidelines, an offense level depends on the quantity and type of narcotics sold, *see id.* 2D1.1 (Drug Quantity Table), and may be adjusted upward two levels if the sale occurs within 1,000 feet of a school. *Id.* § 2D1.2. Had there been reliable evidence of the quantity and type of drugs sold by defendant while working as a runner, the Guidelines would allow "such quantities and types of drugs not specified in the count of conviction ... to be

included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." *Id.* § 1B1.3 (background commentary).

**4.** The statute reads in its entirety as follows:
   1. Sentence correction. To provide for the correction of sentences imposed without due regard for the sentencing factors set forth in this chapter;
   2. Promote respect for law. To promote respect for law by correcting abuses of the sentencing power and by increasing the fairness of the sentencing process;
   3. Rehabilitation. To facilitate the possible rehabilitation of an offender by reducing manifest and unwarranted inequalities among the sentences of comparable offenders; and
   4. Sentencing criteria. To promote the development and application of criteria for sentencing which are both rational and just.
15 M.R.S.A. § 2154 (Supp.1991).

of aggravated trafficking in scheduled drugs (cocaine). Both cases also involved the sale of only a small quantity of drugs. Gonzales sold at most 17 grams of cocaine, *id.*, while defendant sold only 1½ grams of cocaine. Finally, both defendants' offenses were increased to Class A because the sales occurred within 1,000 feet of a school.

We must consider defendant's prior criminal record in reviewing her sentence.[5] Although her record includes convictions for drug offenses, and she admits she was active as a drug runner for several years to support her cocaine addiction, she has never before been convicted of a felony and there is no reliable evidence of the volume of her prior drug transactions. This record could properly foreclose any consideration of a substantial deviation from the four-year minimum sentence. *See* 17–A M.R.S.A. § 1252(5–A) (Supp.1991).

Defendant received the maximum sentence in the lower range of sentences for Class A crimes. She was convicted of selling only one and one-half grams of cocaine. A total of $120 changed hands. The crime was elevated to a Class A offense because of the proximity of a school to the location of the sales, yet the sales occurred after school hours and minors were not involved. The maximum sentence that would have been imposed under the federal guidelines is two years. Defendant has no prior felony convictions. The severity of the sentence imposed is inappropriate under the facts of this case.

The entry is:

Sentence vacated and remanded for resentencing.

All concurring.

---

**5.** In reviewing a criminal sentence, we must consider "the nature of the offense, *the character of the offender*, the protection of the public interest, the effect of the offense on the victim and any other relevant sentencing factors recognized under law." 15 M.R.S.A. § 2155 (Supp. 1991) (emphasis added).