STATE of Maine

v.

**Deserae LILLEY.**

Supreme Judicial Court of Maine.

Argued Feb. 3, 1993.
Decided May 10, 1993.

Janet T. Mills, Dist. Atty., David W. Fisher (orally), Asst. Dist. Atty., Auburn, for the state.

David W. Grund (orally), Berman & Simmons, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Deserae Lilley appeals from a sentence imposed by the Superior Court (Androscoggin County, *Alexander, J.*) on a conviction of trafficking in scheduled drugs (Class B), 17–A M.R.S.A. § 1103 (Supp. 1992). We find that the Superior Court misapplied principle in arriving at a ten-year sentence. We vacate and remand for resentencing.

On October 11, 1991, Scott Stewart, a police officer working undercover for the

Bureau of Intergovernmental Drug Enforcement (BIDE), accompanied by a confidential informant, met Lilley in the vicinity of 391 Lisbon Street in Lewiston. Lilley told Officer Stewart that she could obtain cocaine and he expressed an interest in making a purchase. The officer then drove Lilley to the area of Bates and Lowell Streets and gave her $60. Lilley left the car briefly and on her return delivered a baggie containing approximately one-half gram of cocaine to Officer Stewart.

Defendant was later indicted for trafficking in scheduled drugs (Class B) for the October 11 sale, and also for aggravated trafficking in a scheduled drug (Class A), in connection with a drug sale occurring on October 10, 1991, within 1,000 feet of a school. Pursuant to negotiations with the prosecution, defendant entered a plea of guilty to trafficking in cocaine for the October 11 sale. In exchange the State agreed to dismiss the charge of aggravated trafficking and agreed to recommend a maximum unsuspended sentence of nine months and one day. There was no agreement as to the underlying suspended sentence or probation. Defendant was sentenced to a ten-year term of imprisonment with all but nine months and one day suspended, followed by four years probation.

Lilley is a twenty-three year old mother of four and was pregnant at the time she appeared before the court. Her criminal record, dating from 1989, includes convictions on six charges of negotiating a worthless instrument, three counts of assault (Class D), and one count of criminal trespass. Defendant has no prior drug convictions and has never before been convicted of a felony. The court also heard evidence that defendant is a cocaine addict and has failed to complete three rehabilitation programs since 1989.

■■■ We review sentences for misapplication of principle, *State v. Lewis*, 590 A.2d 149, 150 (Me.1991), and our review includes the suspended portion of the final sentence as well as the unsuspended portion. In imposing sentence the court must first determine a basic period of incarceration "by considering the particular nature and seri-

ousness of the offense without regard to the circumstances of the offender." *State v. Hewey*, 622 A.2d 1151, 1154 (Me.1993) (quoting *State v. Weir*, 600 A.2d 1105, 1106 (Me.1991)). The nature and seriousness of the offense is determined by comparing the defendant's conduct on a scale of seriousness against all possible means of committing the crime in order to determine which acts deserve the most punishment. *See State v. Michaud*, 590 A.2d 538, 542 (Me. 1991); *State v. St. Pierre*, 584 A.2d 618, 621 (Me.1990). In *State v. Corbett*, 618 A.2d 222, 224 (Me.1992), we noted that in the hierarchy of drug trafficking, the sale of a small quantity of cocaine by a street runner is relatively a less serious offense than sales by individuals higher up in the hierarchy of drug traffickers. In the present case, defendant, a street runner who sold a small quantity of cocaine, received the maximum sentence for Class B crimes. The nature and seriousness of defendant's offense when placed on a scale of seriousness for all Class B drug offenses supports a relatively low basic period of incarceration. The State implicitly acknowledges this in its brief when it states that "nine months with application of good time ... was ultimately a reasonable period of incarceration for the crimes committed."

■■■ Once the basic period of incarceration is determined, the court considers the circumstances of the defendant and weighs mitigating and aggravating factors before determining the maximum period of incarceration and imposing the final sentence. *State v. Hewey*, 622 A.2d at 1154–1155. The degree of mitigation or aggravation lies within the discretion of the sentencing court. *State v. Lewis*, 590 A.2d at 150. Mitigating factors that the court should have considered include the fact that this is defendant's first drug offense, that she has no prior felony convictions, and that the only evidence of prior drug transactions is the aggravated trafficking charge that was dismissed. *See State v. Corbett*, 618 A.2d at 225; *State v. Gonzales*, 604 A.2d 904, 907 (Me.1992). Aggravating factors include defendant's prior criminal record, her cocaine addiction, and her unsuccessful at-

tempts to control that addiction. While these aggravating factors are notable, they are not serious enough to warrant elevating what should be a relatively low basic period of incarceration to the maximum period of incarceration that may be imposed for the crime, especially when considered in light of the mitigating factors. The most significant aggravating factor is defendant's criminal history, which we are required to consider in reviewing a criminal sentence. *See* 15 M.R.S.A. § 2155(1) (Supp. 1992). Her history, however, contains no prior felony or drug convictions. Ordinarily, the imposition and suspension of a significant portion of the maximum period of incarceration such as we have in this case should indicate that the court found that the nature of the offense was very serious but that there were significant mitigating factors. Here, however, the information developed at the sentence hearing suggests that the offense is relatively less serious and the circumstances of the offender are mixed.

In the instant case, the court's focus on the unsuspended portion of the sentence is unwarranted. Undoubtedly the court intended the nine-year and three months suspended portion of the sentence to serve as a strong incentive for rehabilitation. If so, that rationale is undercut by 15 M.R.S.A. § 2154(3) (Supp.1992), which provides that rehabilitation should be facilitated "by reducing manifest and unwarranted inequalities among the sentences of comparable offenders." A disproportionate and unfair sentence is not a legal means of facilitating rehabilitation.

A comparison of this case with other recent cases supports our conclusion that defendant's sentence resulted from an error in principle and that the suspended portion of defendant's final sentence is disproportionate to sentences for comparable offenders. *See State v. Gonzales,* 623 A.2d 1275 (Me.1993).

In *State v. Corbett,* we vacated the twenty-year basic sentence of a street runner who sold a small quantity of cocaine. The nature of defendant's offense is very similar. In addition, like Corbett, defendant has a prior criminal record but no prior felony convictions. Although *Corbett* concerned a Class A crime and this case concerns a Class B crime, both defendants received the maximum sentence for their crimes. *State v. Corbett,* 618 A.2d at 223. *Corbett* therefore supports a conclusion that given the nature of defendant's offense, even after considering aggravating and mitigating factors, a maximum sentence is excessive under the facts of this case. In *Gonzales,* we vacated as excessive a fifteen-year sentence resulting from a conviction on two counts of aggravated trafficking in cocaine (Class A). Gonzales's offense was proportionately far more serious than that of defendant—he dealt in larger quantities of drugs, he was a dealer, and he admitted that he came to Maine for the purpose of selling drugs. *Id.* at 906–07. We are unable to uphold the maximum sentence before us. It results from an error in principle and is disproportionate.

The entry is:

Sentence vacated. Remanded to the Superior Court for resentencing.

All concurring.