### STATE of Maine

### v.

### Pedro SOSTRE.

Supreme Judicial Court of Maine.

Argued March 5, 1993.
Decided May 28, 1993.

Robert A. Wake (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Joseph M. Wrobleski, Jr. (orally), Law Offices of Gregory B. Brown, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Pedro Sostre appeals from his conviction and sentence for aggravated trafficking in cocaine, 17–A M.R.S.A. § 1105(1)(E) (Supp. 1992), in the Superior Court (Androscoggin County, *Alexander, J.*). Sostre challenges as obvious error the introduction of evidence that invited racial prejudice and a jury instruction on accomplice liability. He also challenges both the propriety of his 15–year sentence and the manner in which it was imposed. We affirm the conviction but vacate the sentence.

## I.

In January 1990 a confidential informant made a controlled purchase of cocaine in an apartment at 293 Bates Street occupied by two men described as Hispanic. Approximately ninety minutes after the purchase, the police executed a warrant to search the apartment. Sostre and Elvis Ruiz were arrested in the vicinity of the apartment because they matched the informant's descriptions. Ruiz was carrying $4,600 in plastic bags, including the money used by the informant. Sostre admitted that he

was hired to come to Lewiston from Boston for the purpose of selling cocaine. Based on the distance from the front door of 293 Bates Street to St. Peter's School, Sostre and Ruiz were charged with aggravated trafficking. *See* 17–A M.R.S.A. § 1105(1)(E) (trafficking in scheduled drugs within 1,000 feet of a school). Sostre's motion for a severance was granted and he was found guilty following a jury trial. He is represented by other counsel on appeal.

## II.

■ Sostre challenges the introduction of testimony by Michael Buchanan, a senior investigator for the Immigration and Naturalization Service of the U.S. Department of Justice, that virtually all of the cocaine sold in the Lewiston–Auburn area came from the Dominican Republic and was sold directly or indirectly by Hispanic individuals. Buchanan also testified that Ruiz was of Dominican nationality. Sostre argues that this evidence was highly inflammatory, irrelevant, and thus prejudicial to the extent that he was deprived of a fair trial. Because the evidence was admitted without objection, we review for obvious error affecting Sostre's substantial rights. M.R.Crim.P. 52(b).

■ Ordinarily we would condemn such conduct on the part of the State and would not hesitate to vacate a conviction based on such obvious and manifestly prejudicial evidence. We have previously condemned reliance on Hispanic ethnicity as a factor in sentencing. *See State v. Gonzales,* 604 A.2d 904, 907 (Me.1992). In the present circumstances, however, the defendant made the evidence relevant. In the defendant's opening statement, he suggested that the officers were looking for Hispanic people and that Sostre was charged simply because he was Hispanic. In his cross-examination of Special Agent John Remson, prior to Buchanan's testimony, the defendant asked if the officer was specifically investigating "the so-called Dominican connection with drugs in Maine." On receiving an affirmative answer, the defendant asked if the officer was focusing on Hispanic individuals in Maine. Moreover, in Sostre's final argument he suggested that he should not be convicted just by the word "Hispanic."

We agree with the State, at least with respect to an obvious error analysis, that the defendant opened the door to evidence that many Hispanics were being arrested because they were in fact selling cocaine. Indeed, counsel's failure to object to the officer's testimony may be explained on the theory that it strengthened his argument that Sostre was unfairly charged.

## III.

■ Sostre also argues that the court erroneously responded to the jury's request for instruction on whether Sostre could be convicted for merely being present where drugs were sold. The court answered in the negative, but proceeded to state that "[a] person is an accomplice to someone else if they aid someone else in trafficking and that person has the intent to commit the crime of trafficking in cocaine, as I defined that term, ... and with that intent, they aid or attempt to aid or take a step towards the aiding of the other person in completing the crime of trafficking in cocaine." Sostre did not object to the instruction. On appeal, however, he contends that the instruction leaves unclear whether it is Sostre who must intend to commit the crime of trafficking. Although the instruction required the jury to infer that the State must prove the intent of the accomplice as well as the intent of the principal, we conclude that the court committed no obvious error. Undoubtedly the court's inflection would have helped the jury distinguish between the "person" who is an accomplice that must intend to commit the crime from the "someone else" who is the principal that is aided. We do not find the instruction so unclear as to amount to obvious error.

## IV.

■ We vacate the 15–year sentence for several reasons, many of which are spelled out in *Gonzales,* 604 A.2d at 907. The circumstances of that case were strikingly

similar to this one. We recognize, of course, that the evidence would warrant a conclusion of a higher quantity of sales in this case. We also recognize that Sostre has a prior criminal record in Massachusetts. Neither those factors, nor any others, however, support the imposition of a sentence near the upper quadrant for Class A trafficking. Moreover, we agree with Sostre's contention that the extent of the court's reliance on Sostre's criminal record was unwarranted. First, the court should have required the State or the probation officer to provide a less confusing and more detailed record. Our examination of the nineteen entries suggests that seven entries are without significance, six entries represent simultaneous suspended one-year sentences, four entries represent a later imposition of split sentences with 8 months to be served, and two entries represent suspended 6–month sentences for assaulting a prison guard. Only one of the offenses appears to involve drugs, and although their classification is unclear, none of them resulted in felony sentences. Before heavy reliance is placed on such a record, it must be adequately explained.

The entry is:

Judgment of conviction affirmed.

Sentence vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.