STATE of Maine

v.

**Anthony HAWKINS.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1993.
Decided Oct. 28, 1993.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee (orally), Asst. Dist. Atty., Portland, for plaintiff.

John M.R. Paterson (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Anthony Hawkins appeals from sentences imposed in the Superior Court (Cumberland County, *Lipez, J.*) following his convictions on three counts of aggravated trafficking in cocaine. *See* 17–A M.R.S.A. §§ 1103(1), 1101(17) & 1102(1)(F) (1983 & Supp.1992). We agree with Hawkins' contention that the

sentences of twenty-five years are excessive. We therefore vacate the sentences and remand to the Superior Court for resentencing.

Hawkins was charged with three counts of aggravated trafficking in cocaine, a Schedule W drug. At trial, the State presented evidence that Hawkins sold cocaine to undercover drug agents [1] at the Wharf's End bar in Portland. There were three different transactions occurring in August and September of 1990. Hawkins received $300 from the first sale and $200 from the second. The third transaction involved one gram of cocaine.

Following a jury trial, Hawkins was convicted on all three counts. The court imposed concurrent sentences of twenty-five years' imprisonment on each of the three counts, with all but eight years suspended, followed by four years of probation. The court specifically cited Hawkins' "serious history of drug related offenses," and the fact that the crimes had been committed while Hawkins was free on bail in connection with another criminal charge. The court also referred to Hawkins' "continued denial of responsibility" without specifically describing this factor as an aggravating circumstance.

Pursuant to 15 M.R.S.A. § 2152 (Supp. 1992), Hawkins was granted leave to appeal his sentences.

■ Hawkins' main contention is that his sentences of twenty-five years are excessive. Review of sentences is governed by 15 M.R.S.A. §§ 2154, 2155 (Supp.1992). Our review of Hawkins' sentences is for misapplication of principle and includes scrutiny of the suspended as well as the unsuspended portions of the sentences imposed by the trial court. *State v. Lilley*, 624 A.2d 935, 936 (Me.1993). In *State v. Hewey*, 622 A.2d 1151 (Me.1993), decided *after* these sentences were imposed on Hawkins, we outlined the three sentencing determinations that must be made by a sentencing court.[2] The first of those determinations is the basic period of incarceration. *Hewey*, 622 A.2d at 1154; *Lilley*, 624 A.2d at 936. The basic period of incarceration must be based solely on the nature and seriousness of the offense, without taking into account the circumstances of the offender. *Hewey*, 622 A.2d at 1154; *Lilley*, 624 A.2d at 936. The sentencing court determines the nature and seriousness of the offense by comparing the crime committed by the person being sentenced to all possible means of committing that crime. *State v. Michaud*, 590 A.2d 538, 542 (Me.1991). The court is then better able to determine what acts deserve the most punishment. *Lilley*, 624 A.2d at 936.

■ Trafficking in cocaine is classified as a Class B offense with a statutory maximum period of imprisonment of ten years. In this case, however, Hawkins was convicted of aggravated trafficking that elevated the offense to Class A because of his prior conviction of trafficking in cocaine. *See* 17-A M.R.S.A. § 1105(1)(B) (Supp.1992). The statutory maximum sentence for a Class A crime is increased from twenty to forty years only if the offense is among "the most heinous and violent crimes that are committed against a person." *State v. Lewis*, 590 A.2d 149, 151 (Me.1991) (quoting the Statement of Fact attached to L.D. 2312, No. H–720 (113th Legis.1988)). Moreover, a *maximum* period of incarceration exceeding twenty years can be imposed only if a period in excess of twenty years can be justified as a *basic* period of incarceration. Circumstances of the offender, or other circumstances unrelated to the nature and seriousness of the offense, cannot elevate the *maximum* period of incarceration beyond twenty years when the crime itself is not within the extended range of Class A crimes.

■ The sale of drugs is a serious problem for our society, and drug use is frequently involved when other crimes are committed. Drug sales have been appropriately classified

---

1. The agents worked for the Bureau of Intergovernmental Drug Enforcement (BIDE).

2. The three determinations that must be made by a sentencing court are: (1) the *basic* period of incarceration; (2) the *maximum* period of incar-

in our criminal code as serious offenses.[3] The offenses of which Hawkins stands convicted were elevated to Class A offenses as a result of his prior conviction of drug trafficking and require a mandatory minimum sentence of 4 years' imprisonment. 17–A M.R.S.A. § 1252(5–A) (Supp.1992). Sentences in excess of twenty years, however, may be imposed to punish only "the most violent and serious felony offenders." *Lewis*, 590 A.2d at 150. Few offenses meet the "most heinous and violent crimes committed against a person" criterion. *Id.* at 151 (Legislative estimate that 20 to 40 year sentencing range for Class A offenses would "affect less than ½ of 1% of sentenced inmates.")

The drug sales involved here, although serious, cannot be classified as crimes of violence by any rational interpretation of legislative intent. Accordingly, Hawkins' sentences of twenty-five years are excessive and constitute an error in principle, requiring resentencing.[4]

The entry is:

Sentences vacated. Remanded to Superior Court for resentencing.

All concurring.

ceration; and (3) the *final* sentence. *State v. Hewey*, 622 A.2d 1151, 1154–55 (Me.1993).

1992) (trafficking in hypodermic apparatuses, Class C).

3. *See, e.g.,* 17–A M.R.S.A. § 1105 (Supp.1992) (drug trafficking is aggravated if drugs were furnished to a minor, the offender carried a firearm, 112 or more grams of cocaine were furnished, the transaction took place on a school bus or within 1000 feet of a school, or the offender conspired with a minor); 17–A M.R.S.A. § 1106 (1983 & Supp.1992) (unlawful furnishing of schedule W drugs, Class C); 17–A M.R.S.A. § 1107 (Supp.1992) (unlawful possession of heroin, Class C); 17–A M.R.S.A. § 1108 (Supp.1992) (acquiring schedule W, X, or Y drugs by deception, Class C); 17–A M.R.S.A. § 1110 (Supp.

4. Hawkins also contends that, in sentencing him, the court impermissibly considered the fact that these trafficking offenses were committed while Hawkins was on bail on other, pending charges that were ultimately dismissed. Hawkins, however, as a condition of that bail, expressly agreed to refrain from all criminal conduct. That these trafficking offenses also constituted a violation of that bail condition can legitimately be considered by the court as an aggravating circumstance. Other contentions of Hawkins, because they may not be presented when he is resentenced, need not be addressed.