**STATE of Maine**

v.

**Henry FRECHETTE.**

Supreme Judicial Court of Maine.

Argued May 13, 1994.

Decided Aug. 16, 1994.

---

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Deputy Dist. Atty., Augusta, for the State.

Ronald W. Bourget (orally), Bourget & Bourget, P.A., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

RUDMAN, Justice.

■ Henry Frechette appeals his sentences with leave of the Court, M.R.Crim.P. 40, after judgments of conviction were entered in the Superior Court (Kennebec County, *Mills, J.*) on his guilty plea to Counts I, III, IV and VI charging gross sexual assault (Class A), 17–A M.R.S.A. § 253 (1983 & Supp.1993), and Counts II, V, VII and VIII charging unlawful sexual contact (Class C), 17–A M.R.S.A. § 255 (1983 & Supp.1993). Frechette contends, *inter alia,* that the sentencing court misapplied principles of law, that it erroneously imposed consecutive sentences, and that the sentences imposed are excessive. Although the court correctly approached its sentencing in this case, and some consecutive sentences are statutorily authorized, the imposition of four consecutive twenty year sentences, when considered in combination, are excessive. We therefore vacate the sentences imposed and remand for resentencing.

By pleading guilty, Frechette admitted to eight separate sexual acts imposed on a seven-year-old girl. The dates of the acts established by Frechette's admission of guilt are unclear. Count I alleged events that occurred sometime between March 16, 1988 and March 15, 1989. Count III alleged events that occurred between March 16, 1989 and September 29, 1989. The remaining counts (IV and VI) alleged events that occurred after September 30, 1989.

Frechette had a March 1986 conviction for unlawful sexual contact with a thirteen-year-old girl, and attended court-ordered counseling through 1988. He also admitted to having abused another young girl prior to his 1986 conviction. In mitigation, Frechette offered his prior military service, claims of a sexually troubled childhood, and protestations of repentance.

The court sentenced Frechette to serve twenty years incarceration for the gross sexual assault charged in Count III with all but eight years suspended, followed by a six-year period of probation. For each of the remaining three counts of gross sexual assault, the court sentenced Frechette to consecutive sentences of twenty years incarceration all suspended and six years of probation. For each of the counts of unlawful sexual contact, Counts II, V, VII and VIII, the court sentenced Frechette to five years incarceration to be served concurrently with the sentence for Count III. The net effect of Frechette's sentences is eight years of incarceration, followed by twenty-four years of probation with an additional seventy-two years of potential incarceration.

■ We review both the suspended and unsuspended portions of the defendant's sentence. *State v. Lilley,* 624 A.2d 935, 936 (Me.1983). We agree with Frechette that the combination of four consecutive statutorily maximum twenty year sentences is excessive. *State v. Bolduc,* 638 A.2d 725, 727 (Me.1994). Although the court has discretion in the determination of the final sentence, that discretion is not without limit. *Lilley,* 624 A.2d at 936–37. The sentencing court followed the sentencing principles we have previously mandated and correctly determined that the circumstances authorized the court to consider making some of the sentences consecutive. We review the total sentence, however, and are forced to conclude that eighty years' incarceration, the total to which Frechette is exposed, is excessive. Not every sentence must be consecutive, and not every sentence that is made consecutive

must be twenty years. On remand, Frechette's periods of suspended incarceration should be reduced to reflect more accurately the placement of Frechette's crimes within the range of the possible sentences.

Frechette's other contentions are unpersuasive.

The entry is:

Sentences vacated. Remanded for resentencing.

All concurring.