**STATE of Maine**

v.

**Clarence GOSSELIN, Jr.**

Supreme Judicial Court of Maine.

Argued May 22, 1991.
Reargued Oct. 28, 1991.
Decided Dec. 27, 1991.

Michael E. Carpenter, Atty. Gen., Donald W. Macomber, Charles K. Leadbetter (orally), Asst. Attys. Gen., Augusta, for plaintiff.

Robert E. Mullen (orally), John W. Conway, Linnell, Choate & Webber, Auburn, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

In a jury-waived trial the Superior Court (Androscoggin County, *Delahanty, C.J.*) convicted defendant Clarence Gosselin, Jr., of manslaughter, 17–A M.R.S.A. § 203(1)(A) (Supp.1990), and imposed the maximum 40–year sentence of imprisonment, 17–A M.R.S.A. § 1252(2)(A) (Supp. 1990). Defendant appealed both the conviction and the sentence. On August 2, 1991, we affirmed the conviction. *See State v. Gosselin*, 594 A.2d 1102 (Me.1991). On defendant's sentence appeal, we now remand for further proceedings.

■ Leave to appeal this sentence was granted on October 11, 1990. On June 30, 1991, P.L.1991, ch. 525, "An Act To Correct a Conflict in the Law Relating to Sentencing Considerations and Appellate Review," became effective as emergency legislation. On July 23, 1991, we set the sentence appeal down for reargument so that the parties could address the question of the temporal application to this sentence appeal of the provisions of the 1991 Act that 1) amended 15 M.R.S.A. § 2155 (Supp.1990) to spell out the sentencing factors that we must consider on a sentence appeal[1] and 2) replaced 15 M.R.S.A. § 2156(1) (Supp.1990) with 15 M.R.S.A. § 2156(1–A) to require us to remand for resentencing whenever we find a sentence excessive.[2] The question

---

1. 15 M.R.S.A. § 2155, as amended by P.L.1991, ch. 525, § 2, reads as follows (deletions are struck out; additions are underlined):

 In reviewing a criminal sentence, the Supreme Judicial Court ~~is authorized to~~ shall consider:
 1. **Propriety of sentence.** The propriety of the sentence, having regard to the nature of the offense, the character of the offender, ~~and~~ the protection of the public interest, the effect of the offense on the victim and any other relevant sentencing factors recognized under law; and
 2. **Manner in which sentence was imposed.** The manner in which the sentence was imposed, including the sufficiency and

accuracy of the information on which it was based.

2. 15 M.R.S.A. § 2156(1), repealed by P.L.1991, ch. 525, read as follows:
 1. **Substitution of sentence on remand.** If the Supreme Judicial Court determines that relief should be granted, it may:
 A. Substitute for the sentence under review any other disposition that was open to the sentencing court, provided however, that the sentence substituted shall not be more severe than the sentence appealed; or
 B. Remand the case to the court that imposed the sentence for any further proceedings that could have been conducted prior to the imposition of the sentence under review

is: Do those statutory changes apply to this sentence appeal which was still pending before us on the effective date of the Act? Gosselin argues that the 1991 amendments are substantive changes that can be applied prospectively only. The State responds that 1) the amendment to section 2155 added no new sentencing factors to those we were already bound to consider and 2) the substitution of section 2156(1-A) effected a change in procedure only and thus presumptively applies to any pending sentence appeal. *See Schlear v. Fiber Materials, Inc.,* 574 A.2d 876, 878 (Me.1990). We agree with the State. Because the 1991 amendments make no substantive change in the law applicable to sentence appeals, we hold that those statutory changes apply to the case at bar.

 Turning to the merits of Gosselin's sentence appeal, we find an apparent inconsistency between the facts, as found by the court during the nonjury trial, and the severity of the sentence imposed. At the conclusion of the State's case, the court granted defendant's motion for a judgment of acquittal on the charge of murder, stating that:

> There is nothing in [the] evidence to contradict the fact that the defendant was approached and reacted without thinking. The Court cannot find that his actions were intentional.... The defendant acted quickly. There is no evidence that he took aim. From the evidence it appears the shooting was reactionary to being approached. There was one shot from a small caliber gun.... [T]he defendant had stated that he did not think the .25 caliber weapon would kill anybody.... He shot and ran which would be synonymous with running scared. The defendant's action ... in pulling out the gun, the Court is satisfied at this time based on the evidence presently before it, it is

more indicative of reckless and/or criminally negligent conduct.

The trial judge's findings of fact acquitting defendant of murder are difficult to reconcile with the imposition of the sentence of 40 years, coming as that sentence does at the very top of the sentencing range for manslaughter and well above the 25–year minimum for murder. The record of the sentencing proceeding is devoid of anything that explains the seeming inconsistency.

In imposing the maximum 40–year sentence, the trial court announced that it took account of the fact that "the legislature recently increased the maximum potential sentence in a Class A offense from 20 to 40 years because it determined that in Class A offenses apparently the 20–year sentence was insufficient." *See* P.L.1987, ch. 808, *amending* 17–A M.R.S.A. § 1252(2)(A). Because the sentence in the case at bar was imposed on August 17, 1990, the trial court did not have the guidance of our opinions in *State v. Lewis,* 590 A.2d 149 (Me.1991), and *State v. Clark,* 591 A.2d 462 (Me.1991), construing that recent increase in the maximum sentence for a Class A offense. The totality of the present circumstances lead us to remand the case to the trial court for resentencing. On remand, the court should give both parties an opportunity to participate in the resentencing proceeding to the same extent as in an original sentencing.

The entry is:

Sentence vacated. Remanded to the Superior Court for resentencing.

All concurring.

---

and for resentencing on the basis of such further proceedings, provided however, that the sentence shall not be more severe than the sentence originally imposed.
15 M.R.S.A. § 2156(1-A), *substituted therefor* by P.L.1991, ch. 525, reads as follows:
 **1-A. Remand.** If the Supreme Judicial Court determines that relief should be grant-

ed, it must remand the case to the court that imposed the sentence for any further proceedings that could have been conducted prior to the imposition of the sentence under review and for resentencing on the basis of such further proceedings provided that the sentence is not more severe than the sentence appealed from.