1998 ME 237

**STATE of Maine**

v.

**Christopher CARR.**

Supreme Judicial Court of Maine.

Argued Oct. 7, 1998.

Decided Oct. 30, 1998.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

David Beneman, Levenson, Vickerson & Beneman, Portland, for defendant.

Before CLIFFORD, and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, Justice.

[¶ 1] Christopher Carr appeals from the sentences imposed by the Superior Court (Cumberland County, *Crowley, J.*) resulting from jury verdicts finding him guilty of four counts of attempted murder, two counts of arson, one count of criminal mischief, and one count of violating a protective order.[1] Carr was convicted of three counts of arson, but after his first appeal we vacated one of those counts for failure to allege an essential element of the crime charged and remanded for resentencing. Carr now contends the trial court erred by sentencing him within the extended range of Class A crimes on his four

convictions for attempted murder and one of the convictions for arson. We disagree with Carr's contentions and affirm his sentences.

[¶ 2] We have already detailed at length the facts leading to Carr's convictions in *State v. Carr,* 1997 ME 221, ¶ 2, 704 A.2d 353, 355. They may be summarized briefly as follows: Carr and his wife were separated and involved in an extended divorce and a custody dispute over their three-year-old son. During this time, she petitioned for and received a protection from abuse order. One night at 2:00 a.m., Carr started two fires at the wood-framed, multi-unit apartment building where she lived in Brunswick with their son and her parents. Carr set one fire at the front door to the residence, the only means of access to the apartment, and the other on the hood of a truck parked next to the porch. The family awoke to find the fires already burning, but were able to extinguish them quickly. After realizing the fire at the front door left the telephone inoperable, they called 911 from a neighbor's house.

[¶ 3] After vacating Count VI of his indictment alleging arson endangering persons, we remanded for resentencing. *Id.* ¶ 16, 704 A.2d at 357. The trial court imposed concurrent sentences of thirty years for attempted murder and arson with the intent to destroy the building, with all but twenty-five years suspended, and six years of probation. The court also sentenced Carr to ten years for the remaining arson conviction for intending to destroy the truck, one year for aggravated criminal mischief, and 364 days for violating a protection order, all concurrent. Carr received leave to appeal from the sentence. *State v. Carr,* No. SRP–98–23 (Me.Sent.Rev.Panel, Apr. 6, 1998).

[¶ 4] Carr argues that the trial court misapplied principle by setting the basic period of incarceration at thirty years for each of the four attempted murder convictions and

---

1. Counts I through IV alleged, pursuant to 17–A M.R.S.A. § 152 (1983) (amended 1995), and § 201 (1983), that Carr attempted to murder each of the four occupants of the apartment. Count V alleged, pursuant to 17–A M.R.S.A. § 802(1)(B) (Supp.1997), that he started a fire with the intent to destroy the building. Count VI alleged, pursuant to 17–A M.R.S.A. § 802(1)(B)(2) (Supp.1997), that he started a fire recklessly endangering the occupants of the building. Count VII alleged, pursuant to 17–A M.R.S.A. § 802(1)(B) (Supp.1997), that he started a fire with the intent to destroy a truck. Counts VIII, pursuant to 17–A M.R.S.A. § 805(1)(A) (1983) (amended 1995), and IX, pursuant to 19 M.R.S.A. § 769 (1983) (repealed 1997), alleged that Carr intentionally damaged an automobile in an amount exceeding $1000 in value, and violated a protective order, respectively.

the conviction for arson of the building. First, he contends that the extended range is available only for those crimes committed against a person, and therefore it was error to set a basic period of incarceration of thirty years for arson of property. Second, he argues none of his crimes were sufficiently heinous to warrant a sentence in the extended range of Class A crimes.

[¶ 5] To determine the defendant's basic period of incarceration, the trial court must consider "the particular nature and seriousness of the offense without regard to the circumstances of the offender." *State v. Hewey*, 622 A.2d 1151, 1154 (Me.1993) (quoting *State v. Weir*, 600 A.2d 1105, 1106 (Me.1991)). For Class A crimes, the trial court must also decide whether the basic period of incarceration is within two discrete zones—the extended forty-year range, pursuant to 17–A M.R.S.A. § 1252(2)(A), or the usual twenty-year range.[2] *State v. Lewis*, 590 A.2d 149, 151 (Me.1991). The extended range is available only for "the most heinous and violent crimes that are committed against a person." *Id.* (quoting Com. Amend. A to L.D. 2312, Statement of Fact (113th Legis.1988)).

[¶ 6] We review the trial court's decision on the defendant's basic period of incarceration for misapplication of principle. *Hewey*, 622 A.2d at 1155. To decide whether a sentence in the extended range is appropriate, we examine the entire record. *State v. King*, 1998 ME 60, ¶ 13, 708 A.2d 1014, 1018. We then compare the defendant's conduct on a scale of seriousness against all possible ways of committing the offense. *State v. Bolduc*, 638 A.2d 725, 727 (Me.1994).

### I. Basic Period of Incarceration for Arson of the Building.

[¶ 7] Carr challenges the sentence on Count V, which charged him with arson, Class A, pursuant to 17–A M.R.S.A. § 802(1)(B). He argues that because we vacated another arson charge which explicitly

alleged reckless endangerment of persons, the remaining arson charge cannot provide the basis for an extended range sentence pursuant to *State v. Cloutier*, 646 A.2d 358, 361 (Me.1994). We disagree.

[¶ 8] Carr was charged with and convicted of arson, a Class A crime. That arson was the central act of the attempted murders for which he was also convicted. In contrast to the defendant's actions in *Cloutier* (setting fire to structures and utility poles), Carr started the fires in order to place people at risk. We have never held that the language of the charging instrument, rather than the facts adduced at trial, control the sentencing options of the court, and we decline to do so here.

### II. Basic Period of Incarceration for Attempted Murder.

[¶ 9] Carr also argues that the trial court misapplied principle by utilizing the extended range for Class A crimes when it sentenced him for attempted murder. He contends that his acts are not among the most heinous and violent crimes that can be committed against a person. We disagree.

[¶ 10] The trial court did not misapply principle by using the extended range for sentencing. It both carefully examined the circumstances of Carr's acts and compared them to other ways of committing the offenses. In violation of a protection from abuse order preventing him from even being at his wife's apartment, Carr set both fires at night when the victims were asleep and least likely to escape, and then gave no warning of the danger he created. He started one fire at the base of the front door, the primary exit from the apartment, and another on the hood of the truck parked next to the front porch, further impeding escape. The fire at the front door disabled the telephone, thus preventing those inside from calling for help. Finally, Carr attempted to kill four people, including his wife and three-year-old son, by burning them to death.

---

2. At the time of Carr's offense, the sentencing statute for Class A crimes provided:

    2. The court shall set the term of imprisonment as follows:

    A. In the case of a class A crime, the court shall set a definite period not to exceed 40 years: . . . .

17–A M.R.S.A. § 1252(2)(A) (Supp.1990).

[¶ 11] Carr contends we should adopt a bright line rule that only those crimes resulting in physical injury to the victim merit extended range sentences. Although we have stated that the trial court may consider whether the victim was injured, that fact is not dispositive. *State v. Jackson,* 1997 ME 174, ¶ 11, 697 A.2d 1328, 1331–32. In *State v. Kehling,* 601 A.2d 620, 625 (Me.1991), for example, we upheld a sentence within the extended range for arson that did not directly cause any physical injuries at all. In this case, that Carr's family did not burn to death is due primarily to his ineptitude and their quick thinking, not to any act of restraint on his part. The bright line rule that Carr urges would have the unacceptable consequence of rewarding him for his incompetence as an arsonist. We decline to do that.

[¶ 12] These acts may be considered among the most heinous and violent crimes that can be committed against a person, and therefore the trial court was justified in applying the extended range to set Carr's basic period of incarceration at thirty years. Accordingly, finding no other error, we affirm the remainder of Carr's sentence as to Counts I–IV and VII–IX.

[¶ 13] The other issue raised by Carr does not merit discussion.

The entry is:

Sentences affirmed.

