SAUFLEY, C.J.,
Concurring in Part and Dissenting in Part.
[¶ 52] With the greatest respect for the difficulty facing appellate courts and trial courts in determining appropriate sentences in child sex offense cases, I cannot agree with the Court’s conclusion that a proportionality analysis would result in a sentence that is reduced by one-half to two-thirds, because neither we nor the trial court have enough information to make such a determination.
[¶ 53] I concur in the Court’s conclusion that the sentence must be vacated and the case remanded for further consideration, and I concur in the Court’s analysis regarding the trial court’s responsibility to assure that consecutive sentences are accompanied by a final review for proportionality. I also concur in the Court’s analysis regarding the unusual structure of the sentence, which, I note, leaves Stanis-law with only four years of probation and only a single year of incarceration anchoring that probation period, despite the evident need for a longer period of close supervision to protect children.
[¶ 54] I must, however, respectfully dissent from the Court’s opinion in two respects. First and foremost, no resen-tence of this admitted sex offender should occur without a thorough and searching review of his history. Nor should a contested sentence in the range of this sentence ever be undertaken in any case *1258 without such a review of the defendant’s history. Second, because it is affirmatively not the role of the Law Court to set sentences, the Court’s discussion of an appropriate range for the sentence in this case should not be read to impose a specific upper limit on the sentence that the trial court may impose on remand. The authority to sentence a defendant is reserved entirely to the trial court. Therefore, I caution that the Court’s suggestion today of the range for the sentence that should be imposed on remand, if read as a mandate, would exceed this Court’s authority and prerogative.
[¶ 55] Moreover, the suggestion of an appropriate range, even in a precatory fashion in the context of a proportionality discussion, should not be made on the record before us because the record lacks necessary information regarding Stanis-law’s background.
I. FACTUAL BACKGROUND AND SENTENCING PROCESS
[¶ 56] We cannot overlook the factual context in which this sentence was initially imposed, including Stanislaw’s prior felony child sexual abuse conviction; his highly skillful cultivation of the parents’ trust; the number of victims; the number of days, weeks, months, and years in which he perpetrated his crimes and abused each victim; and the effect on the child victims and the community of a person who has the intellect, but not the moral fiber, to recognize that his behavior is abhorrent.
[II57] Notwithstanding this background, the State, at the original sentencing, made no specific recommendation for a final period of incarceration and did not present a presentence investigation report. Most strikingly, the State offered no information whatsoever about Stanislaw’s history between 1982, when he was convicted of his first crime of child sexual abuse, and 2004, more than twenty years later, when he first began to abuse children in Blue Hill. Stanislaw pleaded guilty to each of the charges in an “open plea” format. His attorney argued that Stanislaw should spend no time in jail but that a substantial period of probation should be imposed. For its part, the State did not present a presentence investigation, did not give the court information on Stanislaw’s missing twenty-two years, and did not provide a recommended sentence. It did, however, provide sentences from four roughly comparable cases, the highest of which called for a final sentence of eight years in prison, with a lengthy underlying sentence and a long period of probation.[8]
[¶ 58] Thus, with Stanislaw arguing for no jail time, and the State suggesting that eight years was the highest appropriate final sentence, the trial court imposed a final sentence that was more than three times higher than the outer range presented by the State, and it did so without information regarding Stanislaw’s history and without the specific findings required by statute. See State v. Stanislaw, 2011 ME 67, ¶¶ 4, 16, 21 A.3d 91; see 17-A *1259 M.R.S. § 1252-(d) (2012). Accordingly, we vacated the sentence and remanded the case for resentencing. Id. ¶ 16.
[¶ 59] On remand, the court did not request or receive a presentence investigation report or any other new information from the parties. Again, both parties failed to provide any information whatsoever regarding Stanislaw’s whereabouts, his employment, his contact with children, his criminal records, or any other aspect of his life during the time between Stanis-law’s felony conviction in 1982 and his activities in the Blue Hill community beginning in 2004. Notwithstanding the absence of this critical information about the defendant’s history, a substantial focus of the sentencing court was the court’s assessment that Stanislaw was not a good candidate for rehabilitation.
[¶ 60] When a sentencing court is considering, in a contested sentencing, the imposition of a sentence that is likely to place the defendant in prison for twenty years or more, and is determining the need for and potential efficacy of probation, the best practice is for the court to have a presentence investigation report or other accurate and detailed information about the defendant and his background, including the level of danger to the public and the defendant’s amenability to rehabilitation. Without that information, it is difficult, if not impossible, for the court to thoughtfully address the second and third steps of the required statutory sentencing analysis, and nearly impossible for an appellate court to meaningfully review that analysis. In this case, the gap in information is particularly evident in the trial court’s decision to impose such a brief period of probation in circumstances where the court also determined that the defendant presents a grave danger to children in the community.
[¶ 61] Recognizing that we should have explicitly required a thorough background investigation upon our earlier remand, I would now explicitly mandate a presen-tence investigation report before Stanislaw is resentenced.
II. LAW COURT AUTHORITY IN THE SENTENCING PROCESS
[¶ 62] After carefully analyzing the legal requirements for proportionality, rather than simply remanding for the trial court to apply the law correctly, the Court today suggests that the sentence to be determined upon remand should not exceed thirteen and a half years.
[¶ 63] To the extent that the Court’s suggestion is intended to provide assistance to the trial court in addressing the proportionality analysis that is required in this instance due to the imposition of multiple consecutive sentences, the Court acts within its authority to provide guidance regarding the application of the sentencing statutes.
[¶ 64] To be clear, however, it is not within the authority of the Law Court to sentence any individual who has been convicted of a crime. The Court’s authority is limited to assuring that the law is followed, including by assuring accurate application of the sentencing factors, facilitating rehabilitation when that is possible, promoting respect for the law, and promoting the development of rational and just sentencing criteria. See 15 M.R.S. § 2154 (2012). The only relief that is authorized when the Law Court has determined that there was an error in sentencing is as follows: the Court “must remand the case to the court that imposed the sentence for any further proceedings that could have been conducted prior to the imposition of the sentence under review and for resentencing on the basis of such further proceedings.” 15 *1260 M.R.S. § 2156(1-A) (2012) (emphasis added).[9]
[¶ 65] Although I certainly understand the intent of the Court to provide guidance to the trial judge following remand, I remain concerned that the Court’s suggestion in this context could be misunderstood as a mandate. Therefore, I write to stress that it would be inaccurate to read the Court’s suggested range as setting a hard limit on the sentence that could be imposed on remand.
[¶ 66] Finally, I note that the Court’s suggested sentencing range is presented in the absence of a complete background investigation of Theodore Stanislaw. I would not offer such a range, suggesting that the maximum sentence should not exceed thirteen and a half years, in the absence of that information.
III. CONCLUSION
[¶ 67] I concur in the Court’s determinations that the sentence must be vacated, that a proportionality analysis should be undertaken before the final sentence is imposed, and that the structure of that final sentence must be carefully reviewed by the trial court. I would mandate a thorough and searching history of Stanis-law before any further consideration of an appropriate sentence. And I would reject any reading of the Court’s opinion that limits the maximum unsuspended prison time to thirteen and a half years. We should not usurp the authority of the trial court to engage in one of its most important responsibilities, and we should not suggest a prospective sentence when all of the critical facts are not yet available. I would remand for the court to require the completion of a thorough presentence investigation of Stanislaw before any further sentencing is undertaken.

. The longest final prison sentence included in the State’s materials was eight years. This may explain the absence of a background evaluation or presentence investigation report in the first sentencing. In the case with the longest sentence, the sentencing court imposed an underlying sentence of thirty-eight years, with eight years to be immediately served in prison, and twenty-six years of probation. The next most severe of the compara-bles imposed an underlying sentence of twenty-five and a half years, with four years to be served in prison immediately, and eleven years of probation. The other two comparable sentences involved underlying sentences of seven and nearly nine years, respectively, with three years to be served in prison immediately in each case. Thus, the longest final sentence of imprisonment suggested by the State was eight years.

. The Law Court once had the statutory authority to set the sentence to be imposed on remand. See 15 M.R.S.A. § 2156(1) (Supp. 1989) (authorizing the Supreme Judicial Court to ”[s]ubstitute for the sentence under review any other disposition that was open to the sentencing court, provided however, that the sentence substituted shall not be more severe than the sentence appealed”). That authority was eliminated by the Legislature, see P.L.1991, ch. 525, §§ 3, 4 (effective June 30, 1991), after the Court specifically reduced the sentences of sex offenders in a pair of sentence appeals, see State v. Clark, 591 A.2d 462 (Me.1991) (on obvious error review, reducing a sentence of imprisonment for gross sexual assault from thirty years to fifteen years); State v. Michaud, 590 A.2d 538 (Me.1991) (reducing a sentence of imprisonment for two counts of gross sexual misconduct from forty years to fifteen years, all but twelve suspended); see also State v. Lewis, 590 A.2d 149 (Me.1991) (reducing a sentence of imprisonment in an arson case from twenty years, all but fifteen suspended, to ten years, all but eight suspended); State v. Gosselin, 600 A.2d 1108 (Me.1991) (vacating and remanding, without ordering the replacement sentence, a forty-year sentence imposed upon a manslaughter conviction after the 1991 repeal of section 2156(1)).